IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | 4:09CR3085 |
| V. | ) ) | |
| ROBERTO ALVAREZ SANCHEZ, | ) ) | **MEMORANDUM AND ORDER** |
| Defendant. | ) ) ) | |

Upon initial review, it plainly appears from the files and records that the defendant's § 2255 motion (Filing No. 48) must be denied and dismissed with prejudice. It is time-barred.

The defendant was charged with a methamphetamine conspiracy. The defendant entered a guilty plea pursuant to a plea agreement. I sentenced the defendant to 87 months in prison, and judgment was entered on January 20, 2010. (Filing No. 39.) No appeal was filed.

In circumstances like this where there is no appeal, a defendant has one year to file his § 2255 motion, and that time starts when the judgment becomes final. *See, e.g.*, *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). Under FRAP 4(b), the defendant had 14 days to file a notice of appeal.[1] Thus, under the cases cited above and FRAP 26, the judgment in this case became final on or about February 4, 2010—14 days after the judgment was entered. Consequently, under the provisions

---

[1]On December 1, 2009, Rules 4 and 26 were amended so that all times were stated in calendar days, and defendants were given 14 days, rather than 10 days, to appeal.

of 28 U.S.C. 2255(f)(1), the time for filing a § 2255 motion expired on or about February 5, 2011. Here, the operative § 2255 motion (the one with the defendant's signature) was mailed from the prison on or about March 6, 2012. (Filing No. 48 at CM/ECF pp. 10-11.[2]) Accordingly, the § 2255 motion is not timely. It was over a year late.

The defendant tries to excuse the late filing by suggesting that he thought an appeal had been filed, explaining that his lawyer did not file the appeal as directed, and that the lawyer either did not respond to his inquires or the lawyer did not respond truthfully. For a variety of reasons, I am not persuaded that the defendant was sufficiently diligent.

First, the absence of an appeal was a matter of public record. Second, the defendant has provided no specifics. He does not state when or how he contacted his lawyer. He attaches no correspondence to or from his lawyer. He does not state when or how he first became aware of the problem. He does not explain what specific steps

---

[2]On October 11, 2011, in a separate case that was assigned to Chief Judge Smith Camp, the defendant filed an unsigned petition for a writ of habeas corpus asserting jurisdiction under 28 U.S.C. § 2241. (Filing No. 1 in 4:11CV3171 and Filing No. 46 in 4:09CR3085.) The Clerk issued a notice of deficiency indicating that the petition had not been signed (Filing No. 2 in 4:11CV3171), but that deficiency was not corrected. On January 3, 2012, the defendant asked that Chief Judge Smith Camp treat the motion as one under 28 U.S.C. § 2255. (Filing No. 6 in 4:11CV3171.) Chief Judge Smith Camp dismissed the case assigned to her, but she directed that the petition be filed in this case. (Filing No. 8 in 4:11CV3171.) Then I began to address this matter. Noting that the petition was unsigned, I directed the defendant to file a properly signed motion, and the defendant placed a signed motion in the prison mail on or about March 6, 2012. That motion was received and filed on March 12, 2012. The motion filed in this case is materially different than the petition filed in 4:11CV3171. Even if I treated the unsigned petition filed on October 11, 2011, in 4:11CV3171 asserting jurisdiction under 28 U.S.C. § 2241 as the operative motion under 28 U.S.C. § 2255, it would still be many months late and my decision would be the same.

2

he took to determine the status of this case or when he took those steps. There is no showing of any concrete impediments to learning the status of this case. In short, the defendant gives me little more than conclusions. Third, the § 2255 motion is not only late, it is very late. It was about 13 months overdue.

From the foregoing, I find and conclude that files and records plainly establish that the defendant did not exercise "due diligence," and therefore his untimely motion will not be excused. *See*, *e.g.*, *Anjulo-Lopez*, 541 F.3d at 817-818 (where no notice of appeal was filed regarding judgment entered on November 18, 2005, and defendant filed § 2255 motion on March 5, 2007, denial of motion without evidentiary hearing was affirmed; failure to file notice of appeal was matter of public record, and defendant did not make adequate showing of due diligence in ascertaining fact that no appeal had been filed, even though he claimed he had tried to contact his lawyer).

IT IS ORDERED that the Motion to Vacate Under 28 U.S.C. § 2255 (Filing No. 48) and the Motion for Adjustment of Sentence Pursuant to Habeas Corpus Petition 28 U.S.C. § 2241 (Filing No. 46) are denied and dismissed with prejudice. A separate judgment will be issued.

DATED this 19th day of March, 2012.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.